IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jaremy Smith, | ) | Case No. 5:19-cv-01780-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cpt. Benjamin Davis, Officer Baskins, | ) | |
| Officer Cook, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On March 6, 2020, Defendants Davis and Baskins filed a Motion for Summary Judgment.  ECF No. 39.  On March 10, 2020, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.    ECF No. 40.    Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.  On June 5, 2020, the Magistrate Judge directed Plaintiff to inform the Court whether he wished to pursue his claims and to respond to the Motion by June 19, 2020.  ECF No. 47.  The Magistrate Judge again warned Plaintiff that failing to

respond could subject his claims to dismissal with prejudice. Plaintiff has not filed any document in response to the Motion or indicated that he intends to proceed with this action.

On June 29, 2020, the Magistrate Judge issued a Report recommending that this action be dismissed. ECF No. 49. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. He did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

the Magistrate Judge.   Accordingly, this action is **DISMISSED** with prejudice as to Defendants Davis and Baskins for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]  Because service was not timely effected as to Defendant Cook, he is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

     IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2020
Spartanburg, South Carolina

---

[1] The Motion for Summary Judgment [39] is found as **MOOT**.